FILED

DEC 14 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA, *

    Plaintiff, *

v. * Case No. SA-06-CR-255-XR

JOSHUA HATLEY, *

    Defendant. *

## AGREED ORDER REVOKING SUPERVISED RELEASE AND RESENTENCING THE DEFENDANT

On this day came on to be considered the May 3, 2006, petition to revoke the Defendant's supervised release (doc. 82), as augmented herein. The parties and the probation office, whose signatures appear below, have proposed a resolution of this matter, with which the Court concurs, supported by the following findings.

### A. Findings

1. *Downward-departure imprisonment.* On or about January 22, 2003, the Court in the Western District of Tennessee sentenced the Defendant for a Class C drug (methamphetamine)-manufacturing felony.[1] The Defendant received imprisonment of 36 months—departing downward from a range of 63 to 87 months.

2. *Record within Bureau of Prisons (BOP).* A drug addict since his teens, who had received a two-week residential drug program, the Defendant completed BOP's 500-hour and 40-hour

---

[1] In his residence, where he kept a distributable quantity of methamphetamine, he also stored seven firearms, including a short-barreled shotgun. He was not prosecuted for the guns. The Defendant made and sold methamphetamine to support his own drug addiction and that of his wife.

substance-abuse programs. He performed satisfactorily within BOP, including during prerelease custody at a halfway house. The Defendant served in confinement about 69% of his assessed imprisonment, representing approximately 57% of the low end of his applicable range.

3. *Commencement, conditions of supervised release.* On or about December 17, 2004, the Defendant began a three-year supervised-release term. He was obliged to comply with the mandatory and standard conditions of supervision, participate in drug treatment and testing, and engage in mental-health treatment. Jurisdiction over this case was transferred to this Court in the Western District of Texas.

4. *Drug crime without adverse Court action.* In March 2006, the Defendant tested positive for amphetamine use, which he falsely denied. Despite the presence of a mandatory revocation ground and recommended imprisonment of 6 to 12 months, the Defendant experienced no adverse Court action.

5. *More supervised-release violations.* In April 2006, the Defendant possessed a pistol, as charged in Case No. SA-06-CR-594-XR. He admitted that he wasted a lot of money using drugs.

6. *Defendant's acknowledgments.* The Defendant acknowledges that: (1) upon revocation of his supervised release, the Court could assess imprisonment up to a statutory maximum of 24 months, consecutive to any other sentence imposed or to be imposed upon him; (2) for his misconduct during supervised release, the parties project his nonbinding revocation policy-statement imprisonment range to be 6 to 12 months (Grade B violation as most serious, category II offender), though various factors warrant above-range imprisonment; (3) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) he admits the above-related summary of his misconduct; and (5) the United States could prove such misconduct by a preponderance of the evidence.

7. *Defendant's waiver of rights.* Through their signatures below, the Defendant and his attorney specifically assert, and the Court finds, that the Defendant voluntarily, knowingly, and intelligently: (1) waives his rights under the Constitution, FED. R. CRIM. P. 32.1(b)(2), and 43, 18

U.S.C. § 3583(e)(3), (g)(1), and/or otherwise, to be present and participating with his lawyer at a proceeding at which the Defendant's supervised release is revoked and he is resentenced, as accomplished by this Order; (2) waives his rights through any means to appeal, challenge, modify, or seek any reduction in revocation punishment assessed by, this Order (unless the Defendant proves prejudice from errors of constitutional magnitude involving ineffective assistance of his counsel or prosecutorial misconduct); and (3) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or his counsel.

### B. Order

In view of the foregoing, based on the Defendant's admitted violations of his supervised release, for which there is an adequate factual basis as summarized above, the Court finds, determines, and orders that:

1. The Defendant's supervised release is revoked pursuant to 18 U.S.C. § 3583(e)(3) and (g)(1).

2. The Defendant is remanded to the custody of the United States Bureau of Prisons (BOP) for TWELVE (12) MONTHS of imprisonment in a jail-type facility and not a halfway house or like facility; without credit for time spent on post-release supervision; and *consecutive* to any other sentence or revocation, state or federal, imposed or to be imposed upon him, including but not limited to that assessed in Case No. SA-06-CR-594-XR and any confinement imposed in connection with any state criminal case pending against him–nor shall the Defendant or his attorney seek or request concurrent confinement in any federal or state forum.

The Court recommends that BOP extend the Defendant: (1) its most intensive substance-abuse programming, including its 500-hour intensive substance-abuse program; and (2) prerelease custody under 18 U.S.C. § 3624(c) of not more than three months in a halfway house, provided that subsequent to this Order the Defendant first (a) demonstrates good conduct to BOP and (b) successfully completes another round of BOP's 500-hour intensive substance-abuse program.

3. Any monetary sanctions imposed in this case that remain unpaid are reimposed, and such

3

sanctions shall be due and payable immediately.

SO ORDERED on December 14, 2007.

_____
XAVIER RODRIGUEZ
United States District Judge


UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____   11/1/07
JOSHUA HATLEY                     Date
Defendant

_____   11/1/07
SCOTT W. McCRUM                   Date
Counsel for Defendant

_____   12/10/07
MARIA E. HOLLEY                   Date
United States Probation Officer

_____   12/10/07
FRANKLIN J. OLVERA                Date
Supervising United States Probation Officer

_____   October 9, 2007
MICHAEL R. HARDY                  Date
Assistant United States Attorney
Counsel for Plaintiff

4